RECEIVED
OCT 1 9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **BARBARA HEBERT** | * | **CIVIL ACTION NO. 05-7** |
| **VERSUS** | * | **MAGISTRATE JUDGE HILL** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING
## ON MOTION FOR SUMMARY JUDGMENT

Pending before the undersigned is the Motion for Summary Judgment filed by defendant, the Commissioner of Social Security, on September 21, 2005 (rec. doc. 11). No opposition has been filed, and the deadline for filing opposition has expired.[1]

### Background

Plaintiff, Barbara Hebert ("Hebert"), filed an application for disability insurance benefits. After the claim was denied initially and on reconsideration, claimant requested a hearing. On May 28, 2004, the Administrative Law Judge ("ALJ") issued a decision denying Hebert's claim for disability benefits. (rec. doc. 11-4, Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 4, Office of Appellate Operations, Hearings and Appeals, Social Security

---

[1] LR 7.5W provides that opposition shall be filed within fifteen (15) days after service of the motion.

Administration, ¶ 3(a); Exhibit 1, pp. 8-16). Hebert requested review of the ALJ's decision. On September 10, 2004, the Appeals Council denied review, and sent notice of its action by mail to Hebert. (rec. doc. 11-4, ¶ 3(a); Exhibit 1, pp. 20-22). The notice stated that "[y]ou have 60 days to file a civil action (ask for court review)." Hebert never requested an extension of time in which to file a civil action. (rec. doc 11-4, ¶ 3(b)).

On January 4, 2005, Hebert filed a Complaint with this Court seeking review of the denial of her application for disability benefits through her attorney, Janice H. Barber. On September 21, 2005, the Commissioner filed the instant motion for summary judgment on the ground that Hebert's complaint was untimely filed under 42 U.S.C. § 405(g).

## Legal Analysis

The Government argues that Hebert's action is barred because it was filed more than sixty (60) days after she received notice of the Appeals Council's denial of review. 42 U.S.C.A. § 405(g) provides, in pertinent part, as follows:

(g) Judicial review

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by **a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the**

**Commissioner of Social Security may allow.**

(emphasis added).

The Commissioner has promulgated regulations explaining the meaning of "mailing"; the regulations clarify that a civil action must be commenced within sixty days after the Appeals Council's notice of denial of request for review "is received by the individual." *Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991) (citing 20 C.F.R. § 422.210(c)). The regulations also establish a rebuttable presumption that "the date of receipt of notice ... shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.* There is one exception to this 60-day period; the Commissioner may extend the time upon a showing of good cause. *Id.*; *Triplett v. Heckler*, 767 F.2d 210, 214 (5th Cir. 1985).

Here, the Appeals Council mailed notice of denial of its request for review to Hebert on September 10, 2004. However, she did not file her Complaint with this Court until January 4, 2005 which, even with the 5-day receipt of notice presumption, was almost two months past the limitations period. The record is absent any indication that Hebert requested an extension of the deadline for filing.

The 60-day requirement is not jurisdictional, but rather constitutes a period of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90

L.Ed.2d 462 (1986); *Triplett*, 767 F.2d at 211. Congress has authorized the Commissioner to extend the 60-day limit where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480, 106 S.Ct. at 2030 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)). Here, however, the equities for tolling the limitations period do not apply, as Hebert neither requested an extension for filing suit, nor has she responded to the Government's motion for summary judgment on the basis that this action was untimely filed. Thus, this action is time-barred under § 405(g).

## Conclusion

For the reasons set forth above, the motion for summary judgment is **GRANTED**, and plaintiff's claims are **DISMISSED**.

Signed this 19 day of October, 2005, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE